# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.M. III, M.C., and S.R.**

**No. 16-1231** (Calhoun County 16-JA-9, 16-JA-11, & 16-JA-12)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.H., by counsel Rebecca Stollar Johnson, appeals the Circuit Court of Calhoun County's October 20, 2016, order terminating her parental rights to sixteen-year-old J.M. III, six-year-old M.C., and four-year-old S.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she used illegal drugs which affected her ability to properly care for her children and that she left unsecured guns throughout the house in the reach of the children. Additionally, petitioner was the subject of a mental hygiene proceeding in which she was found to be addicted to illegal drugs. The DHHR also alleged that petitioner refused to take her prescription mental health medications and that she tested positive for methamphetamine and marijuana while she was the children's caretaker. Finally, the DHHR alleged that the children were excessively absent from school.

Thereafter, the circuit court held a series of adjudicatory hearings during which it heard testimony from petitioner and her Child Protective Services ("CPS") worker. Petitioner admitted that she used marijuana for "medical" purposes and refused to take her prescription medication

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

for depression. Petitioner also disclosed that she was not going to send her children back to school because she thought that the school was teaching her children how to make methamphetamine. According to the CPS worker, petitioner tested positive for marijuana and methamphetamine. The worker also testified that petitioner suffered from hallucinations and left guns throughout her residence that were easily accessible to the children. Based upon the testimony, the circuit court adjudicated petitioner as an abusing parent based upon her drug use.

The circuit court held a dispositional hearing during which it heard testimony that, petitioner started parenting classes, but still does not believe that she abused or neglected her children. Petitioner also admitted that she missed a drug screen and did not submit to a required psychological evaluation. The CPS worker also testified that petitioner denied using methamphetamine despite testing positive for that drug during the underlying proceedings. According to the worker, petitioner also admitted that she altered her drug screens by "drinking vinegar and detox stuff." Based upon these findings, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected and that termination was in the children's best interests. As such, the circuit court terminated petitioner's parental rights by order entered on October 20, 2016.[2] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner's parental rights to all three children were terminated below. The biological fathers of S.R. and J.M. II's parental rights were terminated below, respectively. This Court affirmed the termination of S.R.'s parental rights on April 5, 2017. In re: J.R. and S.R., No. 16-1100, 2017 WL - - (W.Va. Apr. 10, 2017)(memorandum decision). J.M. II has not appealed the termination of his parental rights. J.M. III was in the custody of the Department of Juvenile Services on charges of grand larceny and burglary. J.M. III's who is currently on probation until his twenty-first birthday with a special condition of home incarceration. J.M. III is in the physical custody of his grandmother, while his father has legal custody. C.G.'s parental rights to M.C. remain intact as he was found to be a non-offending father. M.C. was placed with C.G. with a permanency plan to remain in his care. S.R. was placed in an adoptive home with a permanency plan to be adopted by this family.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-4-610, "[a] court may grant a respondent an improvement period . . . when the respondent files a written motion . . . [and] demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" Further, we have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The decision to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding is a discretionary decision left to the sound judgment of the circuit court. *See* Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

In support of her argument, petitioner states that she demonstrated her likelihood to comply with the terms of an improvement period through her testimony that she passed multiple drug screens and participated in parenting classes. However, petitioner fails to discuss her unwillingness to acknowledge the abuse and neglect problems that required improvement. Indeed, petitioner's argument wholly ignores her continued denial that she does not believe that she did anything to abuse or neglect her children and her continued denial that she tested positive for methamphetamine. Based upon the evidence presented to the circuit court, particularly petitioner's failure to acknowledge the abuse and neglect problems at issue, we find no error in the circuit court's denial of petitioner's motion for an improvement period in this case.

Petitioner also argues that the circuit court erred in terminating her parental rights without employing a less-restrictive alternative, pursuant to West Virginia Code § 49-4-604 and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). While petitioner correctly notes that courts must generally employ the least-restrictive dispositional alternative in these proceedings, the circuit court in this matter found that the evidence of petitioner's conduct during the underlying proceedings proved that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future because she failed to prove that her circumstances had changed since the filing of the petition. This Court has explained that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 (1997) may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va.

Code [§] 49-6-5(b) (1977) that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In the case sub judice, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner continued to deny that her conduct amounted to abuse and neglect. Further, during the dispositional hearing, the circuit court heard testimony petitioner admitted to altering her drug screens by "drinking vinegar and detox stuff" and failed to participate in a psychological evaluation. Because petitioner failed to acknowledge that her conduct amounted to abuse or neglect, it is clear that the circuit court correctly found that there was no reasonable likelihood the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we hereby affirm the circuit court's October 20, 2016, order.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker